# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2013

No. 12-40294
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARIA ABIGAIL CONTRERAS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-983-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Maria Abigail Contreras for possessing with intent to distribute more than 500 grams of methamphetamine and conspiring to do the same. She contends that insufficient evidence supports those convictions and argues that her sentence was substantively unreasonable. We disagree.

## I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"A challenge to the sufficiency of the evidence that is procedurally preserved, as th[ese] challenge[s] w[ere], is reviewed *de novo*."[1]

## A.

"The offense of possession with the intent to distribute requires proof of (1) possession, (2) knowledge, and (3) intent to distribute."[2] The trial evidence showed that Contreras, who did not know how to drive, persuaded an acquaintance to cross a black Ford Mustang into the United States. She then recruited the acquaintance's husband to drive the vehicle to Houston and rebuffed his offer to use his pickup truck for the journey. When contraband was discovered at a checkpoint, Contreras gave inconsistent statements about the events that led to her presence in a vehicle loaded with approximately 4,716 kilograms of methamphetamine—a quantity worth at least $350,000. A witness also testified that Contreras asked whether there would be dogs at the checkpoint, suggesting a concern that drugs might be found in the vehicle. With respect to the possession with intent to distribute conviction, this is evidence enough.[3]

## B.

To establish that a defendant was a member of a drug conspiracy, the government must demonstrate "'(1) an agreement between two or more persons

---

[1] *United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011) (internal quotation marks and citation omitted).

[2] *United States v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012). Contreras contends that the government was required to prove that she knew the particular kind and quantity of contraband involved in her offense. She acknowledges that *United States v. Betancourt*, 586 F.3d 303, 308–09 (5th Cir. 2009) forecloses this argument.

[3] *See Vasquez*, 677 F.3d at 694–95 (discussing circumstantial evidence necessary to infer knowledge of the presence of illegal drugs when those drugs are secreted in a hidden compartment); *see also United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995) (same).

to violate the narcotics laws, (2) the defendant's knowledge of the agreement, and (3) the defendant's voluntary participation in the conspiracy.'"[4] "[A] jury can convict a defendant of conspiring with persons whose names are unknown" where, as here, "the indictment charges a conspiracy with unknown persons and evidence supports their existence and the existence of a conspiracy" with them.[5]

Following her arrest, Contreras gave a statement indicating that she obtained the Mustang from a person known to her as Jorge Alvarez, whom she knew was engaged in illegal activity, including drug trafficking. Contreras indicated in a statement that she was to be paid $800 for doing as Alvarez wished, and, as discussed above, the evidence was sufficient to show that Contreras had knowledge that the vehicle contained contraband. Although she gave conflicting statements, the jury was free to believe those portions of Contreras's statements that established her knowing agreement with Alvarez to violate the narcotics laws and her voluntary actions in accord with that agreement.[6] Accordingly, sufficient evidence supports her conspiracy conviction.

## II.

The district court sentenced Contreras to 235 months of imprisonment, five years of supervised release, and required her to pay a $200 special assessment. We review for an abuse of discretion.[7]

---

[4] *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (quoting *United States v. Booker*, 334 F.3d 406, 409 (5th Cir. 2003) (citation omitted)).

[5] *United States v. Villasenor*, 894 F.2d 1422, 1428 (5th Cir. 1990) (quoting *United States v. Onick*, 889 F.2d 1425, 1432 (5th Cir. 1989)) (internal quotation marks omitted).

[6] *See United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995) *abrogated on other grounds* by *United States v. Vargas-Ocampo*, 11-41363, 2013 WL 1022854 (5th Cir. Mar. 14, 2013).

[7] *See Gall v. United States*, 552 U.S. 38, 51–52 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752–53 (5th Cir. 2009).

Contreras contends that her sentence is substantively unreasonable. She argues that the district court gave too much weight to her guideline range, and she asserts that a lesser sentence would have been sufficient to provide deterrence and serve as just punishment. Contreras further contends that the district court's choice of sentence was influenced by improper factors.

Although certain extraneous facts were discussed at sentencing, there is no indication in the record that any such matter affected the district court's choice of sentence. Contreras has not made a showing sufficient to rebut the presumption of reasonableness that attaches to her within-guidelines sentence.[8]

AFFIRMED.

---

[8] *See Rita v. United States*, 551 U.S. 338, 347–56 (2007); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).